NICHOLSON, J., Concurring and Dissenting.
I concur in the majority’s opinion except for part II, as to which I dissent.
The California Supreme Court declared that a trial court has discretion to strike prior conviction allegations. (People v. Superior Court (Romero) *374 (1996) 13 Cal.4th 497 [53 Cal.Rptr.2d 789, 917 P.2d 628].) It then made that declaration retroactive and announced the proper procedure for dealing with cases in which the trial court proceedings were completed before Romero was final. That procedure is detailed in footnote 13: “Our holding, which relates only to sentencing, is fully retroactive. (See People v. Belmontes (1983) 34 Cal.3d 335, 348, fn. 8 [193 Cal.Rptr. 882, 667 P.2d 686]; People v. Tenorio [(1970) 3 Cal.3d 89, 95, fn. 2 [89 Cal.Rptr. 249, 473 P.2d 993].) A defendant serving a sentence under the Three Strikes law (§§ 667, subds. (b)-(i), 1170.12) imposed by a court that misunderstood the scope of its discretion to strike prior felony conviction allegations in furtherance of justice pursuant to section 1385(a), may raise the issue on appeal, or, if relief on appeal is no longer available, may file a petition for habeas corpus to secure reconsideration of the sentence. Such a petition should be filed in the sentencing court. (People v. Tenorio, supra, 3 Cal.3d at p. 95, fn. 2.) Such a petition may be summarily denied if the record shows that the sentencing court was aware that it possessed the discretion to strike prior felony conviction allegations without the concurrence of the prosecuting attorney and did not strike the allegations, or if the record shows that the sentencing court clearly indicated that it would not, in any event, have exercised its discretion to strike the allegations. (People v. Belmontes, supra, 34 Cal.3d at p. 348, fn. 8.)” (13 Cal.4th at p. 530, fn. 13.)
This footnote provides for relief on appeal only if the trial court “misunderstood the scope of its discretion . . . .” Accordingly, we may not grant relief unless the record shows such misunderstanding. The Supreme Court did not direct us to speculate concerning whether the trial court misunderstood the scope of its discretion or to relieve the appealing defendant of the burden to show error. If no error appears on the record, the defendant may petition for writ of habeas corpus. If such a petition is filed, directs the Supreme Court, the “petition may be summarily denied if the record shows that the sentencing court was aware that it possessed the discretion to strike prior felony conviction allegations without the concurrence of the prosecuting attorney and did not strike the allegations, or if the record shows that the sentencing court clearly indicated that it would not, in any event, have exercised its discretion to strike the allegations. [Citation.]” (People v. Superior Court (Romero), supra, 13 Cal.4th at p. 530, fn. 13.) This direction is specifically limited to a petition for writ of habeas corpus and, therefore, does not apply to appellate proceedings, unless we presume the Supreme Court misspoke. If the Supreme Court had intended for us to reverse sentences on a silent record—that is, without a showing of error—it would have said so.
I disagree with the majority’s attempt to import procedures invoked for other situations into our Romero review. And I presume the Supreme Court *375 was fully aware that it was preserving the defendant’s appellate burden of showing trial court error. Since no such error appears on this record, I would affirm the sentence.