Filed 7/16/25  P. v. Flores CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| THE PEOPLE, | B334630 |
|---|---|
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA484597) |
| v. | |
| JUAN FLORES, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Terry A. Bork, Judge.  Affirmed and remanded with directions.

Joanna McKim, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Assistant Attorney General, Susan Sullivan Pithey, Steven D. Matthews and Rama R. Maline, Deputy Attorneys General, for Plaintiff and Respondent.

Juan Flores appeals a judgment of conviction after a jury found him guilty of oral copulation of a child 10 years old or younger (Pen. Code,[1] § 288.7, subd. (b)) and lewd and lascivious conduct with a child under the age of 14 (§ 288, subd. (a)), committed against his two young nieces left in the care of his wife. He raises an evidentiary challenge and asserts that the matter must be remanded in any case because the trial court failed to exercise its discretion when it imposed consecutive sentences. We reject the evidentiary challenge, but agree that the trial court operated on the mistaken belief that it lacked discretion in sentencing appellant. Accordingly, we remand for the trial court to exercise that discretion.

## FACTS AND PROCEDURAL BACKGROUND

### 1. Facts

W.C. and R.C. are cousins whose parents often left them in the care of their aunt F.C. The girls' fathers are F.C.'s brothers. Appellant is F.C.'s husband.

When W.C. was about nine years old, appellant picked her up from school and brought her to her home. No one was home. W.C. got into a hammock, and appellant proceeded to "push" her on it, while grabbing her between her legs. She asked appellant to take her to F.C., who was at a meeting at her children's school.

Appellant drove W.C. to the school, parked his van, and asked W.C. to take her pants off. She refused. The two sat in the van for 10 minutes, until W.C. asked appellant to take her into the school to see F.C. He took her to the school entrance and told her that the parents were meeting in the auditorium. W.C. walked to a nearby playground, and appellant followed her. She

---

[1] Undesignated statutory references are to the Penal Code.

was playing on the climbing wall, when appellant asked her to unbutton her pants.  She complied.  He proceeded to unzip her pants, lower her underwear, and put his tongue on her vagina, while holding her up by her butt.  She kicked him twice before he let her go and she dropped to the ground.  She rebuttoned her pants just as the parents started to exit the auditorium.

On another occasion at a family reunion at W.C.'s family's home, appellant approached W.C. while she played on her parents' bed.  Her male cousins played on the floor.  Appellant sat on the bed next to W.C., placed a towel over her, and put his fingers to his lips, signaling to be quiet.  He then unbuttoned her pants, pulled down her underwear, and touched her vagina. When her cousins got up and left the room, W.C. also left.

One day when F.C. was babysitting W.C., appellant took his hard penis out of his pants while whispering at W.C. to get her attention.  When F.C. entered the room, he covered himself.

On Mother's Day in 2015, W.C. and appellant were both at the home of J.C. (R.C.'s father) for a family reunion.  The children were playing in an area with no adults present, W.C. among them.  Appellant found W.C. there and offered her a piggyback ride.  She accepted, and appellant held her on his back in a way that he was touching her inappropriately.  The neighbor, whose daughter had joined the children to play, was watching through her window and saw appellant touch W.C.'s bottom area while "moving his fingers."  She watched for a while to confirm what she saw before storming over to J.C.'s house to tell him.  She confronted the family, but "nobody did anything."  Appellant walked by her and smirked.

F.C. went to that neighbor's house later to defend appellant and explain that he did not behave inappropriately with the

children.

Appellant also touched R.C. while she was under F.C.'s care. Once, R.C. was lying down while F.C. was in the shower. Appellant approached her, wrapped her legs around him, and touched her vagina.

Another time, when R.C. was eight or nine years old, she went to F.C. and appellant's bed to play with a baby that her aunt was also babysitting. F.C. was in the shower, and appellant was lying next to the baby on a bed. As R.C. tried to engage with the baby, appellant fondled her private parts. F.C. got out of the shower and walked in on this scene. She "got serious and mad," and pulled R.C. aside to ask whether he had touched her. At first R.C. denied it, thinking her aunt was upset with her. When F.C. probed further, however, R.C. told her that appellant had touched her. F.C. called J.C. and told him that he should come over. He went to F.C.'s home and asked appellant whether he had touched R.C. Appellant responded, "Yes . . . but . . . nothing . . . happened." J.C. slapped him, and appellant left the home.

## 2. Procedural

The People charged appellant by information filed on May 16, 2022, with one count of oral copulation or sexual penetration with a child 10 years old or younger (§ 288.7, subd. (b)), and five counts of lewd act upon a child under age 14 (§ 288, subd. (a)).

The matter proceeded to trial by jury. After testimony from R.C., W.C., F.C., J.C., J.C.'s neighbor, and various investigating officers, the jury convicted appellant on one count of oral copulation on a minor under 10 years old (§ 288.7, subd. (b)) and four counts of lewd and lascivious conduct with a minor under 14

4

years old (§ 288, subd. (a)).[2]  The trial court found true several aggravating circumstances:  R.C. was a particularly vulnerable victim; appellant's conduct involved planning, sophistication, or professionalism; and appellant took advantage of a position of trust.  (Cal. Rules of Court, rule 4.421(a)(3), (a)(8), (a)(11).)  The court then imposed consecutive sentences of 15 years to life on the first count, and 25 years to life on each remaining count, for a total of 115 years to life in prison.

**DISCUSSION**

1.  **Any error in admitting J.C.'s testimony that F.C. did not want to live with appellant because of what he had done was harmless**

On cross-examination by defense counsel, J.C. testified that on the day he went to F.C.'s house and confronted appellant about touching R.C., appellant left the home.  Counsel then asked, "You didn't want him to stay with your sister anymore, right?"  He responded, "That is what she said, that she didn't . . . want to be living with him anymore because of what he had done."  Defense counsel moved to strike that statement as "non-responsive," and the court denied the motion.

We need not decide whether the court erred in admitting this testimony because any error was harmless.  (*People ex rel. City of Santa Monica v. Gabriel* (2010) 186 Cal.App.4th 882, 887 ["A judgment may be set aside on the ground of improper admission of evidence only if the error complained of was prejudicial"].)  Nor do we address the parties dispute about which test for harmlessness applies, because any error was harmless

---

[2] The jury hung on one count of lewd conduct, and the trial court dismissed it under section 1385.

5

even under the more stringent *Chapman* standard. (Compare *People v. Watson* (1956) 46 Cal.2d 818 [error reversible if it is reasonably probable that in its absence a result more favorable to appellant would have been reached] with *Chapman v. California* (1967) 386 U.S. 18 [87 S.Ct. 824] [error reversible unless harmless beyond a reasonable doubt].)

J.C.'s statement that F.C. did not want to live with appellant anymore "because of what he had done" could not have made any difference. For one, other evidence in the record showed unequivocally that F.C. believed appellant had touched R.C. inappropriately. F.C. saw (or at least thought she saw) appellant touching R.C. inappropriately, which led her to call J.C. to report it to him.[3] Indeed, both F.C. and J.C. testified that appellant *admitted* he had touched R.C. The little probative value of the challenged testimony is further diminished by the other significant evidence of appellant's guilt, including W.C.'s and R.C.'s testimony about the specific instances of appellant's sexual misconduct, and J.C.'s neighbor's testimony corroborating W.C.'s account of the inappropriate piggyback ride. The overwhelming evidence of appellant's guilt renders any error harmless beyond a reasonable doubt.

2.     **Remand is appropriate because the trial court did not know it had discretion to determine whether to impose concurrent or consecutive sentences**

Appellant argues that the trial court erred in failing to recognize that it had discretion in deciding whether to impose concurrent or consecutive sentences. Appellant waived this

---

[3] In her own testimony, F.C. admitted she made this call, but tried to discredit her own report by explaining that her own "jealously" had given her "all sorts of notions."

6

argument by failing to raise it in the trial court despite having been "clearly apprised of the sentence . . . and the reasons" for it. (*People v. Scott* (1994) 9 Cal.4th 331, 356.) We nonetheless exercise our discretion to review his claim. (*People v. Denard* (2015) 242 Cal.App.4th 1012, 1020 ["an appellate court may exercise its discretion to review a claim affecting the substantial rights of the defendant despite forfeiture for failure to raise the issue below"]; *In re Sheena K.* (2007) 40 Cal.4th 875, 887, fn. 7.)

" 'Defendants are entitled to sentencing decisions made in the exercise of the " 'informed discretion' " of the sentencing court.' " (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391 (*Gutierrez*).) A court that is unaware of the scope of its discretion can no more exercise that " 'informed discretion' " than one whose sentence is based on misinformation about a material aspect of a defendant's record. (*Ibid.*; *People v. Belmontes* (1983) 34 Cal.3d 335, 348., fn. 8.) In such circumstances, the appropriate remedy is to remand for resentencing unless the record " 'clearly indicate[s]' that the trial court would have reached the same conclusion 'even if it had been aware that it had such discretion.' " (*Gutierrez*, at p. 1391.)

"[A] trial court [generally] has discretion to determine whether several sentences are to run concurrently or consecutively." (*People v. Bradford* (1976) 17 Cal.3d 8, 20 (*Bradford*); § 669.) Factors it must consider in exercising that discretion are set forth in rule 4.425 of the California Rules of Court. Section 667.61, subdivision (i), however, renders consecutive sentences mandatory for specific offenses "if the crimes involve separate victims or involve the same victim on separate occasions." The relevant offenses are designated by reference to other subdivisions in section 667.61. (§ 667.61, subd.

(i) [those offenses in "paragraphs (1) to (7), inclusive, of subdivision (c), or in paragraphs (1) to (6), inclusive of subdivision (n)"].)  The parties do not dispute that section 667.61, subdivision (i), does not include the offenses for which appellant was convicted (§ 288, subd. (a) & 288.7, subd. (b)).  As a result, the trial court retained discretion to impose concurrent sentences under section 669.  (*People v. Lopez* (2022) 76 Cal.App.5th 287, 291 (*Lopez*); *People v. Valdez* (2011) 193 Cal.App.4th 1515, 1524; *Bradford*, at p. 20.)

The record here "affirmatively show[s]" that the trial court operated on the mistaken belief that it lacked discretion to impose anything other than consecutive sentences.  (*Corenevsky v. Superior Court* (1984) 36 Cal.3d 307, 321.)  The People argued at the hearing that consecutive sentences were "mandatory pursuant to Penal Code section 667.61, [subdivision] (i)[, which] states that if it's different victims or different times with the same victim . . . the court shall impose consecutive sentences." The court asked, "So your view is that under [section] 667.61(i) . . . consecutive sentencing is mandatory per statute; correct?" The People responded, "Correct."  Defense counsel declined the trial court's invitation to respond.  The court then imposed consecutive sentences, finding "under the facts and circumstances of this case that . . . consecutive sentencing is mandatory pursuant to the terms of Penal Code section 667.61, subdivision (i)."

The People urge a different interpretation, arguing that the court's use of the phrase "under the facts and circumstances of this case" evinces it understood and was exercising its discretion. But given that the trial court described the consecutive sentences as "mandatory," and did so immediately after the People argued

it was mandatory, the more natural reading is that the "circumstance[]" the court was referring to was that each offense occurred on a separate occasion, thereby triggering—in the court's mind—the mandatory sentencing requirement of section 667.61, subdivision (i).

Although the trial court's true findings on various aggravating factors suggests some likelihood that it would reach the same conclusion with knowledge of its discretion, without more, we cannot say this record "clearly indicate[s]" that it would do so. Accordingly, the appropriate remedy is to remand for resentencing for the trial court to exercise its discretion after considering the factors set forth in California Rules of Court, rule 4.425 and to state its reasons if it chooses consecutive sentences (Cal. Rules of Court, rule 4.406). (*Lopez, supra,* 76 Cal.App.5th at p. 294.)

## DISPOSITION

The judgment is affirmed, and the matter is remanded with directions that the trial court exercise its discretion in determining whether to impose consecutive or concurrent sentences. We express no view as to how the trial court should exercise its sentencing discretion. The trial court is further ordered to forward any corrected abstract of judgment to the

California Department of Corrections and Rehabilitation.  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED.


LUI, P. J.

We concur:


CHAVEZ, J.


RICHARDSON, J.