Filed 8/29/25  P. v. Vargas CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B337560 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA075545) |
| v. | |
| MIGUEL ANGEL VARGAS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Lisa M. Strassner, Judge.  Affirmed in part, reversed in part and remanded.

Teresa Biagini, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Kim Aarons and Melanie Dorian, Deputy Attorneys General, for Plaintiff and Respondent.

_____

In 2019, Miguel Vargas pleaded no contest to robbery and admitted prior prison and firearm enhancements. He received a 14-year sentence. Five years later, he appeared for resentencing under newly passed legislation. The court struck a one-year prior prison term enhancement, declined to strike the firearm enhancement, and resentenced Vargas to 13 years.

At the time of his hearing, the law was unclear whether the trial court could substitute a charged firearm enhancement with lesser-included, uncharged firearm enhancements from a different statute. The Courts of Appeal were divided on the issue. (Compare *People v. Fuller* (2022) 83 Cal.App.5th 394, 403 (*Fuller*) [discretion available] and *People v. Johnson* (2022) 83 Cal.App.5th 1074, 1080 (*Johnson*) [same], with *People v. Lewis* (2022) 86 Cal.App.5th 34, 39 (*Lewis*) [discretion unavailable].) Seventeen days after Vargas's resentencing hearing, our Supreme Court settled the issue in *People v. McDavid* (2024) 15 Cal.5th 1015 (*McDavid*). *McDavid* clarified that a sentencing court *does* have the authority to "impose a lesser included, uncharged enhancement authorized elsewhere in the Penal Code" when determining whether to strike a more severe firearm enhancement. (*Id.* at p. 1021.) That meant that Vargas's resentencing court could have substituted an uncharged 3- or 4-year enhancement under Penal Code section 12022.5[1] in lieu of the charged 10-year enhancement the court had imposed under section 12022.53.

The trial court did not have the benefit of *McDavid*'s holding, and the record does not disclose that the trial court

---

[1] All further statutory references are to the Penal Code.

2

considered imposing a lesser enhancement.  Accordingly, we reverse and remand for a new sentencing hearing.

## BACKGROUND

In 2019, Vargas and his co-defendant robbed two men in the early morning hours.  First, they entered a homeless man's car while he was sleeping and demanded money.  Vargas handed a gun to his co-defendant, who pointed it at the victim and told him to drive them to a nearby gas station.  At the gas station, Vargas – holding a gun – and his co-defendant approached another man, again demanding money.  A short time later, law enforcement conducted a traffic stop on the first man's car.  The victim was wearing a ski mask with a blanket over his face; Vargas was in the passenger seat; his co-defendant was in the back seat.  Upon arrest, police observed a firearm in Vargas's front pocket.

Vargas pleaded no contest to one count of second-degree robbery (§ 211) and admitted enhancements for the personal use of a firearm (§ 12022.53, subd. (b)) and for serving a prior prison term (§ 667.5, subd. (b)).  The People moved to dismiss other charges.  The court sentenced Vargas to 14 years: 3 years as the mid-term for robbery, 10 years for the firearm, and 1 year for his prior prison term.  The remaining charges were dismissed.

1. **Firearm Sentencing Enhancements Under Sections 12022.53 and 12022.5**

Section 12022.53, the enhancement Vargas admitted, "establishes a tiered system of sentencing enhancements for specified felonies involving firearms" and imposes the following punishments: 10 years (for personally using a firearm), 20 years (for discharging a firearm), and 25 years to life (for discharging a firearm and causing great bodily injury or death).  (*People v.*

*Tirado* (2022) 12 Cal.5th 688, 692 (*Tirado*); § 12022.53, subds. (b)-(d).)  Since 2018, trial courts by statute have had discretion at "any resentencing" to "strike or dismiss an enhancement otherwise required to be imposed by this section," *i.e.*, section 12022.53, subdivisions (b), (c), or (d).  (Stats. 2017, ch. 682, § 2 (Sen. Bill No. 620), eff. Jan. 1, 2018; § 12022.53, subd. (h).)  In *Tirado*, the Supreme Court held that section 12022.53, particularly subdivision (j), authorized trial courts to (1) strike an enhancement altogether, (2) reimpose the charged enhancement, or (3) substitute a lesser, uncharged enhancement under the *same* statute.  (*Tirado*, *supra*, 12 Cal.5th at pp. 692, 702.)[2]

    *Tirado* considered only the various enhancements provided under section 12022.53, not enhancements found in other statutes.  Section 12022.53 applies to enumerated felonies, including robbery.  (§ 12022.53, subd. (a).)  A related statute, section 12022.5, applies to all felonies, including robbery. (§ 12022.5, subd. (a).)  Section 12022.5 provides less severe punishments for using a firearm for any felony: a 3-, 4-, or 10-year consecutive term of imprisonment.  (*Ibid.*)  The 10-year enhancement appears in both sections, but the 3- and 4- year terms only appear in section 12022.5.

    After *Tirado*, appellate courts were divided on whether a court could substitute a lesser-included, uncharged 3- or 4-year enhancement under section 12022.5 for a charged 10-, 20-, or 25-

---

[2]    For instance, if the defendant had admitted the 25-year enhancement under section 12022.53, subdivision (d), under *Tirado* the court could have sentenced Vargas to an uncharged 10- or 20-year enhancement under subdivision (b) or (c) of that statute.

4

year enhancement under section 12022.53.  Some found that sentencing courts retained that discretion.  (*Fuller*, *supra*, 83 Cal.App.5th at p. 403 ["Applying *Tirado*, we conclude that on remand the trial court may consider whether to strike defendants' enhancements under section 12022.53(b) to impose lesser uncharged enhancements under section 12022.5(a)."]; *Johnson*, *supra*, 83 Cal.App.5th at p. 1080 [same].)  Another disagreed.  (*Lewis*, *supra*, 86 Cal.App.5th at p. 39 ["When a section 12022.53 enhancement has been admitted or found true, the court may not substitute it out for a more lenient enhancement from a statute outside of section 12022.53."].)

The Supreme Court granted review to resolve the issue (*People v. McDavid* (2022) 77 Cal.App.5th 763, review granted Sept. 28, 2022, S275940), but at the time of Vargas's 2024 resentencing, *McDavid* was still pending before the high court.

## 2. The Resentencing Proceedings

Against this backdrop, Vargas petitioned for resentencing.  He asked the court to strike his firearm enhancement and offered his employment in prison and progress towards his G.E.D. in mitigation.  Under the argument Vargas made to the trial court, Vargas's sentence would consist of the mid-term for robbery with no enhancements.

The People opposed any modification of the 10-year enhancement.  The District Attorney argued Vargas's release would endanger public safety due to his criminal history, the violent nature of his conviction, and his disciplinary record in prison.

At the hearing, the court declined to strike the firearm enhancement.  The court observed that Vargas's conduct during the robbery was aggravating.  So too was his postconviction

5

conduct in prison – he had committed two batteries and failed to present himself for the facility's daily counts three times. As to the batteries, Vargas apparently did not know the first victim and was recalcitrant when asked about his conduct, telling staff he would harm other inmates. Less than a month later, he followed up on this threat by attacking another prisoner.

As to mitigating factors, the court "respect[ed]" that Vargas was working towards his G.E.D. and was employed at the institution's laundry. But those factors did not assuage the court's safety concerns; instead Vargas's prior criminal history, offense conduct, and post-offense conduct "do[] not show he is no longer a danger to others. In fact, just the opposite. His conduct demonstrates, not only a total disregard and defiance of rules placing custodial officers in potential harm, but a complete danger to others when committing two unprovoked batteries upon inmates, one for gang reasons." The court stated it would decline to strike the firearm enhancement because Vargas's release would "endanger public safety."

The court then resentenced Vargas to 13 years by re-imposing the mid-term of 3 years for the robbery, striking the prior prison term enhancement under section 667.5, and reimposing the 10-year firearm use enhancement under section 12022.53, subdivision (b).

Vargas timely appealed.

## DISCUSSION

Vargas asks us to reverse his sentence under principles announced in *McDavid*, a case decided several days after his hearing.[3] We agree with Vargas that, because the trial court did

---

[3] *McDavid* is entitled to retroactive effect in those cases, such as this one, that are not yet final on appeal. (See *Burris v.*

not have the benefit of *McDavid*'s guidance on the issue before us, we must remand for the trial court to exercise its recently clarified discretion.

## I.     Vargas Did Not Forfeit His Resentencing Claim On Appeal

The People initially contend Vargas forfeited his right to a second resentencing hearing by not raising below the arguments he makes now.  We agree that a fundamental rule of appellate advocacy is that "complaints about the manner in which the trial court exercises its sentencing discretion and articulates its supporting reasons cannot be raised for the first time on appeal." (*People v. Scott* (1994) 9 Cal.4th 331, 351-356.)  But that misconstrues Vargas' argument; he does not challenge how the court exercised its discretion or how the court articulated its decision.  He instead argues that the court was unaware of the full scope of its sentencing discretion because *McDavid* delineated the contours of that discretion only after his hearing. (See *People v. Belmontes* (1983) 34 Cal.3d 335, 348, fn. 8 ["A court which is unaware of the scope of its discretionary powers can no more exercise that 'informed discretion' than one whose sentence is or may have been based on misinformation regarding a material aspect of a defendant's record."].)

We agree forfeiture does not apply here.  (See *People v. Leon* (2016) 243 Cal.App.4th 1003, 1023.)  As we have observed, at the time of resentencing the Courts of Appeal were divided on whether a trial court had the discretion to consider section 12022.5 terms in resentencing under section 12022.53.

---

*Superior Court* (2005) 34 Cal.4th 1012, 1023.)  The Attorney General does not contend otherwise.

7

Only after *McDavid* were trial courts unequivocally afforded that discretion.[4]

## II. The Resentencing Court Could Not Have Exercised Its Full Range of Discretion Because It Did Not Have the Benefit of McDavid's Holding

" 'Defendants are entitled to sentencing decisions made in the exercise of the "informed discretion" of the sentencing court.' [Citations.]" (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391 (*Gutierrez*).) "An abuse of discretion occurs when the trial court . . . is unaware of its discretion." (*In re White* (2020) 9 Cal.5th 455, 470.)

Vargas's resentencing occurred at a time when the appellate courts were divided over whether a court could substitute an uncharged section 12022.5 enhancement for a charged section 12022.53 enhancement admitted by a defendant. (Compare *Fuller*, *supra*, 83 Cal.App.5th at p. 397 [discretion available] and *Johnson*, *supra*, 83 Cal.App.5th at p. 1080 [same], with *Lewis*, *supra*, 86 Cal.App.5th at p. 36 [discretion not available].) Our Supreme Court had taken up – but not yet decided – the issue. The trial court did not have the benefit of *McDavid* in assessing the nature of its discretion.

---

[4] Vargas's counsel did not mention *Fuller* or *Johnson* at resentencing but certainly could have: *Fuller* and *Johnson* supported the position Vargas now takes on appeal. After *McDavid*, though, the trial court now has binding Supreme Court authority – not conflicting Court of Appeal decisions – that explicitly gives the trial court discretion to consider the section 12022.5 enhancements. On resentencing the court's discretion is now clear.

8

### III. Vargas Is Entitled to a Resentencing Hearing Under McDavid

The record provides no indication of whether or not the trial court considered substituting a firearm enhancement under section 12022.5 when the court declined to strike the section 12022.53 enhancement. Nor does it disclose whether the trial court decided to follow the Court of Appeal decisions that did or did not provide discretion in the trial courts. On this record, we cannot conclude the court "made its sentencing decision with awareness of the full scope of [its] discretion" that *McDavid* now elucidates. (*Gutierrez, supra,* 58 Cal.4th at pp. 1390-1391.)

In *McDavid,* a case in which the trial court had declined to strike a section 12022.53 firearm enhancement, the Supreme Court determined remand was the appropriate remedy. (*McDavid, supra*, 15 Cal.5th at pp. 1022, 1031.) The Attorney General argues that no remand is necessary and correctly points out the general rule: Where a court was unaware of the scope of its sentencing discretion, remand for resentencing is the appropriate remedy "unless the record 'clearly indicate[s]' that the trial court would have reached the same conclusion 'even if it had been aware that it had such discretion.' " (*Gutierrez, supra,* 58 Cal.4th at p. 1391, quoting *People v. Belmontes, supra*, 34 Cal.3d at p. 348, fn. 8.) If no purpose would be served, the appellate court may refuse to remand even though there was sentencing error. (See *People v. Flores* (2020) 9 Cal.5th 371, 432 [defendant who was " 'the worst of the worst' " and " '[i]t's as if he has no soul' " provided the "unusual clarity that remand would be an idle act"].) This is not such a case. We see no "clear indication from the sentencing court that it would be idle to" remand on this record. (*People v. Salazar* (2023) 15 Cal.5th 416, 431.)

9

## DISPOSITION

The judgment is reversed, and the matter is remanded for resentencing. In all other respects, the judgment is affirmed.[5]


RUBIN, J.*

WE CONCUR:


WILEY, Acting P. J.


VIRAMONTES, J.

---

[5] Given our holding, we do not decide whether Vargas's attorney provided ineffective assistance of counsel by not expressly arguing that, if the court were not inclined to strike the 12022.53 enhancement, it should substitute a lesser-included 12022.5 enhancement under *Fuller, supra,* 83 Cal.App.5th 394, and *Johnson, supra,* 83 Cal.App.5th 1074.

Nor do we express any opinion on the sentence the trial court should impose on remand.

* Retired Presiding Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.