Filed 3/3/15; unmodified opinion and pub. & mod. order dated 2/9/15 attached

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ANDREW V., | |
| Petitioner, | G051310 |
| v. | (Super. Ct. No. 04D009068) |
| THE SUPERIOR COURT OF ORANGE COUNTY, | ORDER MODIFYING OPINION; (NO CHANGE IN JUDGMENT) |
| Respondent, | |
| JESSICA V., | |
| Real Party in Interest. | |

THE COURT:*

      The per curiam opinion filed on January 23, 2015 and modified and certified for publication on February 9, 2015, is further modified as follows:

      1.  On page 3, second paragraph:  Add the phrase ", while present at the hearing," following the words "Father's counsel."  As revised, the second sentence of the second paragraph on page 3 should read:  "Respondent court recognized that Father's counsel had a right to cross-examine the child custody investigator, and the court further

_____

    *  Before Aronson, Acting P.J., Ikola, J., and Thompson, J.

acknowledged that Father's counsel, while present at the hearing, was physically unable to represent Father at the hearing because of counsel's illness."

2. On page 4, last line of the page: Change "matter" to "manner." As corrected, the last sentence of the page should read: "The best interests of the children require that the parents' competing claims be heard in a calm, dispassionate manner, with adequate time to marshal and present evidence."

This modification does not change the judgment.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICTs

DIVISION THREE

| | |
|---|---|
| ANDREW V., | G051310 |
| Petitioner, | (Super. Ct. 04D009068) |
| v. | O P I N I O N |
| THE SUPERIOR COURT OF ORANGE COUNTY, | |
| Respondent; | |
| JESSICA V., | |
| Real Party in Interest. | |

Original proceedings; petition for a writ of mandate to challenge an order of the Superior Court of Orange County, Carla M. Singer, Judge. Stay issued. Petition granted.

Law Office of Diane Vargas and Diane Vargas for Petitioner.

No appearance for Respondent.

Law Office of Ronald B. Funk and Ronald B. Funk for Real Party in Interest.

\*       \*       \*

THE COURT:<sup>*</sup>

 In this child custody dispute following a final custody determination, we issue a peremptory writ in the first instance because respondent court has improperly deprived petitioner of an opportunity to be meaningfully heard before granting real party's move-away request to take the two minor children from the State of California to the State of Washington.

 A meaningful hearing is a critical requirement of California law before any judicial determination regarding an out-of-state move-away request for parents who, as here, share joint legal and physical custody following a final judicial custody order. These essential procedural safeguards cannot be evaded merely because respondent court labels its order as "interim," "nonappealable," "temporary," and "without prejudice."

I

 Petitioner Andrew V. (Father) has filed a petition for writ of mandate / prohibition and a request for an immediate stay of respondent court's "temporary" move-away order of January 14, 2015. Real party Jessica V. (Mother) opposes the petition and stay request, and already has moved out-of-state with the minor children.

 Father and Mother were married in 2003 and have two children, a girl, born in December 2002, and a boy, born in November 2005. They permanently separated in 2006 and a judgment of dissolution was finalized in June 2008. The judgment of dissolution provided for Father and Mother to share joint legal and physical custody.

 In July 2014, Mother filed a request for an order allowing her to move away with the two minor children to the State of Washington due to a job transfer and promotion. Father opposed the move-away request. Father claims that he has a 40 percent timeshare of shared custody; Mother computes his timeshare percentage to be 35 percent.

---

<sup>*</sup> Before Aronson, Acting, P. J., Ikola, J., and Thompson, J.

In August 2014, a stipulation and order for a full child custody investigation was made. The child custody investigator completed her child custody investigation report on December 22, 2014, and respondent court scheduled a hearing on January 14, 2015.

According to the transcript and minute order, the child custody investigator was not available to testify at the January 14, 2015 hearing. Respondent court recognized that Father's counsel had a right to cross-examine the child custody investigator, and the court further acknowledged that Father's counsel was physically unable to represent Father at the hearing because of counsel's illness. As a result, respondent court continued the hearing on Mother's move-away request until March 4, 2015.

Despite this, respondent court issued a "temporary" move-away order allowing Mother to relocate with the minor children to the State of Washington based upon the written recommendations of the child custody investigator. "And at this point in time without the benefit of a cross-examination of the child custody investigator, without hearing from [Father] or [Father's] counsel, I have serious concerns about action that would be contra to the [investigator's] recommendation, because as I was reading the report, I anticipated the recommendation. Be that as it may, I'm not close-minded on any issue, but I do think it would be in the better interest of the children that they move now and that we resolve this later."

At the hearing, Father's counsel requested that respondent court recognize the 30-day automatic stay for move-away orders in Code of Civil Procedure section 917.7. Mother's counsel argued the statute only applies to appeals or final orders, "and this is not a final order." After reviewing the statute, respondent court declined to recognize the automatic stay. "That's correct. That was the way I read it as well."

On January 20, 2015, Father filed a petition for writ of mandate and a request for an immediate stay. On the same day, we issued a *Palma* notice, requesting opposition from Mother and informing her that we were considering issuing a peremptory

3

writ in the first instance. (*Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 179 (*Palma*).) Mother filed a timely opposition. At our request, Father filed a copy of the confidential child custody evaluation under seal, as well as a supplemental letter brief addressing our concerns regarding the current status quo of the children's whereabouts and schooling arrangements.

Father's counsel states that Mother "disenrolled the minor children from their school and two days later moved with the children to Seattle, Washington." Mother's counsel has informed us that she intends to enroll one of the children at a new school on January 23, 2015; the other child is due to start a new school on January 26, 2015.

## II

Respondent court erred in construing California law to allow for a "temporary" move-away first and a hearing later. A full adversarial hearing must precede, not follow, any out-of-state move-away order, however denominated. (*In re Marriage of Seagondollar* (2006) 139 Cal.App.4th 1116 (*Seagondollar*).)

Adherence to fundamental procedural safeguards is critical in move-away situations, which are among "'the most serious decisions a family law court is required to make,' and should not be made 'in haste.'" (*Seagondollar*, *supra*, 139 Cal.App.4th at p. 1119.) These steps are necessary to facilitate the strong public policy favoring stable custody arrangements between parents who share joint legal and physical custody. (*Id.* at pp. 1119-1120.)

In such cases, where one of two parents sharing joint physical custody seeks to relocate with the minor children, "the court 'must determine de novo what arrangement for primary custody is in the best interest of the minor children." (*In re Marriage of LaMusga* (2004) 32 Cal.4th 1072, 1089, fn. 3.) The best interests of the children require that the parents' competing claims be heard in a calm, dispassionate matter, with adequate time to marshal and present evidence.

4

In her informal response to the writ petition, Mother claims that she "has been [the children's] primary custodial parent . . . ." Whether the parents share "genuine" joint physical custody is a matter to be determined by respondent court at a full and fair hearing. (See Hogoboom & King, Cal. Practice Guide: Family Law (The Rutter Group 2014) ¶¶ 7:573, 7:574, pp. 7-241 to 7-242.3.)

We cannot say, as Mother's counsel so blithely asserts, that "it is more likely than not that the hearing will result in an order consistent with the [investigator's] recommendation . . . ." To the contrary, respondent court itself expressed its willingness to "remain open-minded, and I'm certainly interested in hearing what the child custody investigator has to say." "I do not think that it would be detrimental to the children if in fact the court reverses that order or issues a final order which is then appealable to return the children to Southern California if the court is persuaded that that should be done."

We cannot sanction such a de facto move-away. As we stated in *Seagondollar,* "[t]he rules of procedure for reaching family law decisions — contained in the Family Code, the Code of Civil Procedure, the California Rules of Court, and local court rules — are not mere suggestions. The rules of procedure are commands which ensure fairness by their enforcement." (*Seagondollar*, *supra*, 139 Cal.App.4th at p. 1120.)

In her informal response, Mother further urges we consider the allegation Father engaged in some unspecified acts of domestic violence involving Mother's new husband. We note that Mother did not raise this argument in connection with the move-away order below, and makes no attempt to expand upon or explain it here. The issue is not properly before us. (See discussion in *Keith R. v. Superior Court* (2009) 174 Cal.App.4th 1047, 1056 (*Keith R*.) [addressing the "temptation to misuse domestic violence orders for tactical reasons"].)

5

## III

Respondent court has compounded its error by refusing to recognize the mandatory automatic 30 calendar day stay afforded by Code of Code of Civil Procedure section 917.7. The statute provides, in pertinent part: "[I]n the absence of a writ or order of a reviewing court providing otherwise, the provisions of the judgment or order allowing, or eliminating restrictions against, removal of the minor child from the state are stayed by operation of law . . . for a period of 30 calendar days from the entry of judgment or order by any other trial court."

As a result, even were respondent court to issue a move-away order following the March 4, 2015 hearing, any such order would be subject to an automatic stay for an additional 30 calendar days pursuant to Code of Civil Procedure section 917.7.

Respondent court operates under the misapprehension that the above procedural and substantive safeguards, including the automatic stay, do not apply to "temporary" or "interim" move-away orders. "But any order I make today would be a temporary order clearly made without prejudice subject to change."

There is no such exemption simply because the order is denominated as "temporary." Temporary orders may have equally serious implications inasmuch as they alter the status quo and affect the children's interests in stability and continuity. Children live in the present tense, and "temporary" relocations may have a severe and pernicious impact on their well-being and sense of security.

For this reason, we reject Mother's argument that the automatic stay in Code of Civil Procedure section 917.7 only applies to appealable judgments and orders, not to an interlocutory, temporary order that is made without prejudice. There is nothing in the above-quoted language in section 917.7 that makes such a distinction, and Mother's interpretation would subvert the clear policy purposes underlying the automatic stay, as well as the procedural safeguards for meaningful hearings on move-away orders.

6

We decline to exercise our discretion under Code of Civil Procedure section 917.7 to lift or modify the automatic stay. The final custody order calls for the parents to have joint legal and physical custody. Without any meaningful hearing, the trial court has modified this final custody order based upon its reading of the written child custody investigator's report and recommendations, treating such recommendations as presumptively valid unless otherwise disproven.

IV

A peremptory writ in the first instance is proper to resolve "this purely legal dispute in an area where the issues of law are well-settled. . . . There is a particular need to accelerate the writ process in child custody disputes where children grow up quickly and have immediate needs." (*Keith R., supra*, at p. 1057; see also Code Civ. Proc., § 1088.) We have solicited, received and considered Mother's opposition on the merits of Father's writ petition and gave notice that if the circumstances so warranted, we might issue a peremptory writ in the first instance. (*Palma*, *supra*, 36 Cal.3d at p. 180.) Because respondent court deprived Father of the opportunity to be meaningfully heard on Mother's move-away request according to the correct legal standard, the matter requires accelerated review and decision. (Code Civ. Proc., § 1088; see *Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1259-1260.)

DISPOSITION

Father's request for a stay of respondent court's "temporary" move-away order is granted. The stay order is effective immediately upon the filing of this opinion. Accordingly, the children shall be returned to the State of California forthwith, and respondent court has the power and the authority to issue any necessary orders to effectuate this stay.

Let a peremptory writ of mandate in the first instance issue directing respondent court to vacate its order of January 14, 2015 to the extent it may be construed as granting Mother temporary permission to move away to the state of Washington with

7

the minor children.  The writ shall be without prejudice to the parties' right to petition respondent court for any appropriate custody or visitation arrangements in accordance with California law.  The stay order shall be dissolved upon the finality of this opinion as to this court.

Filed 2/9/15

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ANDREW V., | |
|    Petitioner, | |
|      v. | G051310 |
| THE SUPERIOR COURT OF ORANGE COUNTY, | (Super. Ct. 04D009068) |
|    Respondent; | ORDER GRANTING REQUEST FOR PUBLICATION; MODIFICATION OF OPINION; |
| JESSICA V., | NO CHANGE IN JUDGMENT |
|    Real Party in Interest. | |

THE COURT:*

     Retired Los Angeles Superior Court Commissioner Keith M. Clemens has requested that our opinion, filed on January 23, 2015, be certified for publication. It appears that our opinion meets the standards set forth in California Rules of Court, rule 8.1105(c). The request is GRANTED.

     This opinion is ordered published in the Official Reports, with the following modification: On page 8, line 4, add the following sentence: "Petitioner shall recover costs in this original proceeding. (Cal. Rules of Court, rule 8.493(a)(1)(A).)"

     This modification does not change the judgment.

_____
ARONSON, ACTING P. J.

\* Before Aronson, Acting P.J., Ikola, J., and Thompson, J.