Filed 5/27/15  S.C. v. Super. Ct. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| S.C.,<br><br>      Petitioner,<br><br>      v.<br><br>THE SUPERIOR COURT OF SAN DIEGO COUNTY,<br><br>      Respondent;<br><br>B.L.,<br><br>      Real Party in Interest. | D067906<br><br>(San Diego County<br>Super. Ct. Nos. ED94188 & D552243) |

ORIGINAL PROCEEDINGS in mandate.  Selena Dong Epley, Judge.  Petition granted.

Patrick L. McCrary for Petitioner.

James Parkeson Miller for Real Party in Interest.

No appearance for Respondent.

Petitioner S.C. (Father) challenges an order granting a motion by B.L. (Mother), the mother of his biological son (Child), to move with Child to Arkansas. In his petition for writ of mandate, prohibition, or other appropriate relief, Father contends the trial court did not apply the proper legal standard in determining whether Mother's move-away motion should be granted. We grant the petition.

BACKGROUND

In June 2009, Child was born to Mother and Father. The parents dispute the details of their relationship, but it appears that Father, Mother, and Child lived together until Mother and Father ended their relationship in July 2014. Shortly thereafter, Father filed a petition to establish paternity and for an order granting him sole legal and physical custody of Child. Upon filing the petition, an automatic restraining order took effect, preventing either parent from removing Child from the State of California.

In her response to Father's petition, Mother claimed that Father was a sperm donor with no parental rights. Mother also requested an order granting her sole legal and physical custody of Child.

In November 2014, the court entered an order accepting the parents' stipulation granting Mother temporary sole legal custody and primary physical custody of Child with weekly visitation with Father.

On February 6, 2015, while the paternity action was pending, Mother requested an ex parte order to allow her to move to Arkansas with Child. She declared that after being unemployed for a long period of time, she was offered a new job in Arkansas. She further explained that if she did not relocate before February 16, 2015, she would lose the

2

job opportunity. Mother argued that because she has sole custody under the stipulated order, she had a presumptive right under Family Code section 7501 to move Child to another state. The court did not grant an ex parte move-away order, but did enter an order shortening time for a hearing on the move-away request.

Father opposed the requested move and provided substantial documentation that although Child was conceived via artificial insemination, it was the result of fertility problems and not because he was merely a sperm donor.

Although the record in support of the writ petition is incomplete, it appears Mother violated the temporary restraining order and moved with Child to Arkansas before the hearing on her move-away request. The court later denied a request by Father to compel Mother to bring Child back to California.

In preparation for the move-away hearing, the parties participated in a Family Court Services conference. The counselor interviewed both parents but did not speak with Child. Although the counselor was concerned with Mother's attitude towards Father and her denials of his paternity, she recommended that since Mother is the primary caregiver, she should continue to have primary physical custody with visits with Father on holidays and over the summer.

After receiving the counselor's report, Father filed a supplemental opposition asking for a long-cause evidentiary hearing and for a continuance to allow for an independent psychological evaluation of Child. Father argued that a full evidentiary hearing and psychological evaluation were necessary because the court had to consider the best interests of Child when deciding whether to grant the move-away request.

3

At the hearing on the move-away request, the court denied Father's request for a psychological evaluation. The court found the request was not properly presented to the court and untimely. The court, however, ordered the counselor to appear to testify.

After the hearing, the court granted the request to allow Mother to move Child to Arkansas. In making the required findings pursuant to Family Code section 3048, the court found the child's home state to be Arkansas, apparently because Child had already moved there with Mother. The court noted that because there was no existing final custody determination, it must apply the "best interest rule." The court also explained, however, that in reaching its decision, it was applying the standard that "a parent who has physical custody of a child has a presumptive right to change the residence of the child." The court continued, stating "[e]ssentially, I am not to interfere with . . . the parent who has physical custody of the child's right to move unless that move is detrimental to the child." The court then found that because Mother has primary physical custody and that her request to move is in good faith, the presumption in favor of allowing the move applies. Given that Mother had already moved Child to Arkansas, the court ordered the child to return to California for a 30-day visitation with Father in lieu of the normal 30-day stay of a move-away order. (See Code Civ. Proc., § 917.7.)

Father filed a petition for writ of mandate and a request for an immediate stay. We issued a temporary stay of the move-away order and notified Mother we were considering issuing a peremptory writ in the first instance. (*Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 179.) Mother did not file a response.

4

DISCUSSION

In general, "[t]he standard of appellate review of custody and visitation orders is the deferential abuse of discretion test." (*In re Marriage of Burgess* (1996) 13 Cal.4th 25, 32 (*Burgess*).) Under this standard, a trial court abuses its discretion if there is no reasonable basis on which the court could conclude its decision advanced the best interests of the child. (*Id.* at p. 32.) However, "all exercises of legal discretion must be grounded in reasoned judgment and guided by legal principles and policies appropriate to the particular matter at issue." (*People v. Russel* (1968) 69 Cal.2d 187, 195.) Therefore, a discretionary decision may be reversed if improper criteria were applied or incorrect legal assumptions were made. (*Linder v. Thrifty Oil Co.* (2000) 23 Cal.4th 429, 435–436.) Alternatively stated, if a trial court's decision is influenced by an erroneous understanding of applicable law or reflects an unawareness of the full scope of its discretion, it cannot be said the court has properly exercised its discretion under the law. (*People v. Belmontes* (1983) 34 Cal.3d 335, 348, fn. 8.)

We conclude the respondent court abused its discretion by relying on an improper legal standard in deciding to allow Mother to move Child to Arkansas. In reaching its decision, the court cited *Burgess*, *supra*, 13 Cal.4th 25 as creating a presumptive right for a parent with physical custody of a child to change the residence of the child. The presumption created in *Burgess* was subsequently codified by the Legislature in Family Code section 7501.

Here, the court applied that presumption to support its order. The court stated it found that "[Mother] has had primary physical custody of the child, that she does have a

5

presumptive right to move the child, that the reason for the move appears to be sound, in good faith and is not intended simply to frustrate the other parent's contact with the child." This finding was the extent of the court's analysis.

However, absent an existing judicial custody determination, the Family Code section 7501 rebuttable presumption does not apply. (*F.T. v. L.J.* (2011) 194 Cal.App.4th 1, 19.) "A custody order based on a stipulation of the parties does not constitute a final, existing judicial custody determination unless 'there is a clear, affirmative indication the parties intended such a result.' " (*Ibid.*; *Burgess*, *supra*, 13 Cal.4th at pp. 37-38; *Montenegro v. Diaz* (2001) 26 Cal.4th 249, 258.)

Nothing in the record in support of Father's writ petition reveals any final judicial custody determination that existed at the time of the hearing on Mother's request to move with Child to Arkansas. The stipulated order regarding temporary custody during the pendency of Father's paternity petition does not express any indication the parties intended it to be a final custody determination.

Instead of applying only the rebuttable presumption, the court was required to make an initial custody determination to choose a parenting plan that is in the best interests of the child. (*F.T. v. L.J.*, *supra*, 194 Cal.App.4th at p. 20.) In making such a determination, the court must consider various factors, including the health, safety, and welfare of the child, the nature and amount of contact with both parents, and which parent is likely to allow the child frequent and continuing contact with the noncustodial parent. (*Ibid.*) Although the court made cursory references to the "best interests" standard, there is no indication it considered any of these relevant factors. Moreover,

6

nothing permits the court to issue an "interim" or "temporary" move-away order before considering all relevant factors. (*Andrew V. v. Superior Court* (2015) 234 Cal.App.4th 103, 107-108.)

In his writ petition, Father also contends the court erred in not permitting a full evidentiary hearing. The only evidence that Father purported to introduce at such a hearing was testimony from the Family Court Services counselor and a psychologist. The court allowed the counselor to testify but found the request for a psychological evaluation not to be properly presented. The court appeared to limit its ruling, however, to that hearing based on its belief that the request was not proper "at this time." Because we hold that the court abused its discretion by applying an improper standard and must reconsider Mother's request at a new hearing and consider additional factors beyond the scope of the previous hearing, we deem this issue to be moot for purposes of this writ proceeding.

Finally, Father challenges the court's finding that Child's home state is Arkansas. As Father correctly contends, the evidence does not appear to support a finding necessary to determining that Arkansas is Child's home state. Pursuant to Family Code section 3402, subdivision (g), a home state is defined as "the state in which a child lived with a parent . . . for at least six consecutive months immediately before the commencement of a child custody proceeding." Although the court's finding appears unsupported by any evidence, it is not evident what effect this finding had on the court's determination.

We conclude respondent court abused its discretion in granting Mother's move-away request. We further conclude issuance of a peremptory writ in the first instance is

appropriate.  "A peremptory writ in the first instance is proper to resolve 'this purely legal dispute in an area where the issues of law are well-settled . . . .  There is a particular need to accelerate the writ process in child custody disputes where children grow up quickly and have immediate needs.' "  (*Andrew V. v. Superior Court*, *supra*, 234 Cal.App.4th at p. 109.)

## DISPOSITION

Let a peremptory writ of mandate in the first instance issue directing respondent court to vacate its order of April 1, 2015, granting Mother's move-away request and issuing a resulting custody order.  Respondent court shall conduct a new hearing on custody, including the move-away request, in accordance with this opinion and existing California law.  The stay issued on April 29, 2015, shall be dissolved upon finality of this opinion as to this court.  Petitioner shall recover costs in this original proceeding.  (Cal. Rules of Court, rule 8.493(a)(1)(A).)

_____

McINTYRE, J.

WE CONCUR:


_____

McDONALD, Acting P. J.


_____

AARON, J.

8