Filed 12/21/20  P. v. Vargas CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>FELIPE AMARO VARGAS,<br><br>    Defendant and Appellant. | A159781<br><br>(Sonoma County<br>Super. Ct. No. SCR724937) |

Felipe Amaro Vargas appeals from a judgment of conviction and sentence imposed after he entered no contest pleas to multiple offenses.  His attorney has filed a brief seeking our independent review of the appellate record, pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), to determine whether there is any arguable issue on appeal.  We find no arguable issue and affirm.

1

## I. FACTS AND PROCEDURAL HISTORY

Vargas was charged in a complaint with assault with intent to commit a sex crime against a victim under 18 years of age in violation of Penal Code section 220, subdivision (a)(2) (counts 1, 3, 5, 7, 9, 11, 13, 15, 17, 19, 21); lewd acts upon a child 14 or 15 years of age by an offender more than 10 years older than the child in violation of section 288, subdivision (c)(1) (counts 2, 4, 6, 8, 10, 12, 14, 16, 18, 20, 22); dissuading a witness from reporting a crime in violation of section 136.1, subdivision (b)(1) (count 23); contacting a minor to commit a sexual offense in violation of section 288.3, subdivision (a) (counts 24 and 25); and distributing or showing pornography to a minor in violation of section 288.2, subdivision (a)(2) (count 26).[1]

At his arraignment, Vargas pled not guilty to all counts and denied all special allegations and enhancements.

On September 16, 2019, Vargas signed a Felony Advisement of Rights, Waiver, and Plea form, which was also signed by defense counsel and a Spanish language interpreter. The form indicated that Vargas would plead no contest to a violation of section 220, subdivision (a)(2) with a maximum penalty of nine years (count 1), a violation of section 288, subdivision (c) with a maximum penalty of three years (count 22), and a violation of section 288.2, subdivision (a)(2) with a maximum penalty of three years (count 26), and that the maximum total punishment would be 12 years eight months "accounting for [sections] 667.6, 1170, and 1170.1." The rest of the charges would be dismissed. Vargas acknowledged that he was pleading "open" and the court had discretion to impose sentence up to the maximum punishment. He further acknowledged that he was freely and voluntarily waiving his rights to

---

[1] Except where otherwise indicated, all statutory references are to the Penal Code.

2

trial, to confront and cross-examine witnesses, to present evidence, to subpoena witnesses, and not to incriminate himself, and that he understood the court would impose a mandatory restitution fine and order sex offender registration.

At a plea hearing on that same day, while represented by counsel and assisted by an interpreter, Vargas confirmed his signature and markings on the plea agreement and confirmed he was entering into it freely and voluntarily. Defense counsel stipulated to a factual basis for the pleas based on the police report and investigation.

The court found a factual basis for Vargas's pleas, found that Vargas understood and voluntarily and intelligently waived his constitutional rights, and found that his no contest pleas were freely, voluntarily, knowingly, and intelligently made. The court accepted the pleas and found Vargas guilty on counts 1, 22, and 26.

In December 2019, Vargas moved for an order placing him on probation pursuant to section 1385 and reducing counts 22 and 26 to misdemeanors pursuant to section 17b.

On December 31, 2019, the court denied Vargas's motion and sentenced him to the upper term of nine years on count 1 (§ 220, subd. (a)(2)), a consecutive upper term of three years on count 22 (§ 288, subd. (c)(1)), and a consecutive eight months (one-third the midterm) on count 26 (§ 288.2, subd. (a)(1)). (See §§ 667.6, 1170, 1170.1.) In accord with the negotiated disposition, the court dismissed the remaining counts.

The court imposed a $2,000 restitution fine pursuant to section 1202.4 and imposed, but suspended, a parole revocation fine in an equal amount pursuant to section 1202.45. The court ordered Vargas to pay a $120 court operations assessment (§ 1465.8) and a $90 court facilities assessment (Govt.

Code, § 70373), issued a criminal protective order (§ 136.2, subd. (i)(1)), and ordered Vargas to register as a sex offender (§ 290) and to comply with blood, saliva, and DNA requirements (§§ 296, 1202.1). The court awarded Vargas 361 days of presentence custody credit, consisting of 314 days of actual custody credit and 47 days of local conduct credit.

## II. DISCUSSION

Vargas's attorney represents in the appellant's opening brief that he advised Vargas by letter of October 7, 2020, that a *Wende* brief would be filed and that Vargas could file a supplemental brief within 30 days to raise any matters he wanted to bring to our attention. The 30-day period has expired, and we have not received any supplemental brief or correspondence from Vargas.

We find no arguable issue on appeal. There are no legal issues that require further briefing. We note that the total sentence imposed and the term for each offense are correct and consistent with Vargas's plea agreement, but the full three-year upper term on count 22 should be designated as the principal term (1170.1), the full nine-year upper term on count 1 should be imposed consecutively pursuant to section 667.6, and the term on count 26 was correctly imposed consecutively at one-third the midterm pursuant to section 1170.1. (See *People v. Belmontes* (1983) 34 Cal.3d 335, 345–346; *People v. Pelayo* (1999) 69 Cal.App.4th 115, 124–125.) The abstract of judgment should be modified to so reflect.

## III. DISPOSITION

The judgment is affirmed. The abstract of judgment shall be modified to reflect that the sentence on count 22 is the full three-year upper term imposed as the principal term, the sentence on count 1 is the full nine-year upper term imposed consecutively pursuant to Penal Code section 667.6, and

4

the sentence on count 26 is eight months (one-third the midterm), imposed consecutively pursuant to Penal Code section 1170.1.

_____

NEEDHAM, Acting P.J.

We concur.

_____

BURNS, J.

_____

REARDON, J. *

_People v. Vargas_ / A159781

* Judge of the Superior Court of Alameda County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.