Filed 5/17/23  P. v. Vansickle CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>TAUNEY LEE VANSICKLE,<br><br>Defendant and Appellant. | F084645<br><br>(Super. Ct. No. BF170584B)<br><br>**OPINION** |

-ooOoo-

**THE COURT**[*]

APPEAL from a judgment of the Superior Court of Kern County.  John W. Lua, Judge.

Patrick J. Hennessey, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Michael A. Canzoneri, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Peña, Acting P. J., Smith, J. and Meehan, J.

Defendant Tauney Lee Vansickle challenges the sentence imposed by the trial court after pleading no contest to two of three counts alleged for crimes involving a minor and committed in 2008. Our review of the record and the applicable legal standards governing sentencing in this matter lead us to conclude the trial court did not abuse its discretion when selecting the sentence imposed.

## PROCEDURAL AND FACTUAL SUMMARY

On March 17, 2022, an amended information charged defendant and a codefendant with encouraging a minor to participate in the creation of pornographic material for commercial purposes. (Pen. Code,[1] § 311.4, subd. (b), a felony; count 6). The same amended information alleged two additional counts against defendant alone. The first alleged that over a period of at least three months defendant engaged in three or more acts of substantial sexual conduct or lewd or lascivious conduct with a child under the age of 14 (§§ 288, 288.5, subd. (a), 1203.066, subd. (b), a felony; count 7), while the second alleged defendant engaged in lewd and lascivious conduct with a minor under the age of 14 with the intent to arouse. (§ 288, subd. (a), a felony; count 8). Each count alleged against defendant in the amended information also cited several aggravating enhancements found in California Rules of Court, rule 4.421.[2]

The events that resulted in the above charges occurred between 2008 and 2010. At that time, defendant was involved in a relationship with Frank Sanchez, who between 2006 and 2011 had regularly engaged in sexual acts with a minor under the age of 14. The allegations involving defendant address a time period when defendant was Sanchez's girlfriend and participated in some of these sexual acts with the minor.

On April 8, 2022, defendant entered pleas of no contest to the allegations contained in counts 7 and 8. At that time, defendant also admitted allegations contained

---

[1] All further statutory references are to the Penal Code.

[2] All further references to rules are to the California Rules of Court.

in three of the enhancements attached to both counts, including the victim was particularly vulnerable (Rule 4.421(a)(3)), the crime was carried out with planning, sophistication, or professionalism (Rule 4.421(a)(8)), and defendant took advantage of a position of trust or confidence to commit the crime (Rule 4.421(a)(11)).  As part of the plea agreement reached with the People, the crime alleged in count 6 was dismissed. There was also a recognition that defendant would not receive a sentence of more than 16 years.

On July 11, 2022, defendant was denied probation then sentenced to the middle term of 12 years for count 7, and to the upper term of 8 years for count 8, which the court stated would run concurrently with the term for count 7.  After various fines and fees were also imposed, defendant was awarded three days of actual custody credits.  This appeal followed.

## DISCUSSION

The only issues raised in this appeal concern the appropriateness of the sentence imposed.  Defendant contends the court failed to effectively exercise its discretion given recent changes made by the Legislature to the relevant statutes governing the sentencing.

## I.    The Choice of the Middle Term for Count 7

Defendant first challenges the court's choice of the middle term for the crime charged in count 7, which was 12 years.  While acknowledging the choice of the middle term is presumed under section 1170, subdivision (b), defendant believes the court was required to impose the lower term once it was shown she qualified for such a sentence under new language added to section 1170, subdivision (b) before the beginning of 2022.

However, before we resolve this issue, we must address the People's argument that defendant forfeited this challenge because no objection was made to the imposition of the middle term at the time of sentencing.

**A.     Was the Claim for the Lower Term Forfeited?**

Generally, "complaints about the manner in which the trial court exercises its sentencing discretion and articulates its supporting reasons cannot be raised for the first time on appeal." (*People v. Scott* (1994) 9 Cal.4th 331, 356.)  In response to this argument, defendant states that a trial court is required to act with informed discretion. Defendant contends because the trial court did not fully understand the extent of the discretion available or required of it, it was not acting with informed discretion.

" 'Defendants are entitled to sentencing decisions made in the exercise of the "informed discretion" of the sentencing court.' " (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391.)  Where "a court may have been influenced by an erroneous understanding of the scope of its sentencing powers," the proper remedy is remand for resentencing. (*People v. Belmontes* (1983) 34 Cal.3d 335, 348, fn. 8.)  However, the right could be lost if no actual objection is made at the time of sentencing.

Because the law is still developing on the requirements imposed by section 1170, subdivision (b)(6), and given the fact this sentencing occurred only six months after the relevant changes went into effect, we choose to address the validity of the sentence imposed out of an abundance of caution and judicial economy.

**B.     Should This Matter Be Remanded for Resentencing?**

Again, when defendant pled no contest to the charges alleged in counts 7 and 8, she did so with the recognition she could be sentenced for a period of up to 16 years.  In fact, defendant was sentenced to a total term of 12 years.  The question we consider is whether this 12-year sentence was properly imposed given changes to section 1170 that now require a court to seriously consider certain mitigating factors if they are available. The relevant language in amended section 1170, subdivision (b), and effective before defendant was sentenced, provides as follows:

> "(6) … unless the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be

4.

contrary to the interests of justice, the court shall order imposition of the lower term if any of the following was a contributing factor in the commission of the offense:

> "(A) The person has experienced psychological, physical, or childhood trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence.

> "(B) The person is a youth, or was a youth as defined under subdivision (b) of Section 1016.7 at the time of the commission of the offense."  (§ 1170, subd. (b)(6)(A) & (B).)

A "youth" for purposes of section 1016.7, subdivision (b), includes any person under the age of 26 on the date the offense was committed.  Defendant was 21 years of age when this offense was committed.  Defendant also argued to the court that as a child she lived in a dysfunctional environment and that she experienced a codependent relationship with her codefendant when the crimes occurred.

"A trial court's sentencing decision is subject to review for abuse of discretion." (*People v. Hicks* (2017) 17 Cal.App.5th 496, 512.)  When "reviewing for abuse of discretion, we are guided by two fundamental precepts.  First, ' "[t]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary.  [Citation.]  In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review." ' [Citations.]  Second, a ' "decision will not be reversed merely because reasonable people might disagree.  'An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge.' " ' [Citation.]  Taken together, these precepts establish that a trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*People v. Carmony* (2004) 33 Cal.4th 367, 376–377.)  When reviewing the exercise of discretionary authority, we are required to consider whether a trial court acted irrationally or arbitrarily

in the context of the legal principles and policies that should have guided the court's actions. (*People v. Strother* (2021) 72 Cal.App.5th 563, 571.)

During his presentation before sentencing, defense counsel read a letter from defendant to the victim, and a letter from defendant's fiancé addressing how the events have impacted their lives, how defendant changed during the course of their relationship and how a prison sentence would affect their young son. Counsel also noted to the court that defendant participated in psychological evaluations suggesting events in her childhood made her susceptible to the type of codependent relationship she was involved in at the time of the events in this case. After requesting probation, defense counsel made an alternate request in the event probation was denied that the lower terms be selected for each count, resulting in a sentence of either three or six years. In response, the People argued defendant was not an appropriate candidate for probation, and that they would ask the court to choose the upper terms as recommended in the probation report, which would result in a sentence of 16 years.

When rejecting probation for defendant, the trial court cited section 1203.066, subdivision (a)(8), stating probation was not appropriate and that it would also not be possible to suspend any of the sentences imposed because defendant pled to violations of sections 288 and 288.5 while engaging in "substantial sexual conduct" with a victim who was under the age of 14. The court then went into a lengthy presentation addressing both the mitigating and aggravating factors that justified the denial of probation even if it was available.

The court then turned to the sentence it would impose. The court recognized "defendant was under the age of 26 at the time these crimes were committed," and made a passing reference to the fact defendant may have been induced to participate in the crimes. After acknowledging the recommendation in the probation report for the upper term for count 7 that would result in a term of 16 years, the court again discussed

mitigating and aggravating factors, focusing on the aggravating factors defendant stipulated to as part of her plea agreement. The court then stated:

> "Giving great consideration to the circumstances in mitigation, recognizing the stipulated circumstances in aggravation, the Court is going to sentence the defendant to the mid term of 12 years to Count 7 as the appropriate sentence in this case for objectives contained in … Rule 4.410.

> "As it relates to Count 8, the Court is also going to sentence the defendant to concurrent time, because based on the allegations, while there have been five separate crimes committed over a greater than three-month period, there is no distinction between Count 8 standing alone when compared to Count 7 to avoid a 654 issue."

Defendant believes the trial court was required to impose the lower term unless substantial aggravating circumstances could be shown to outweigh the presumption favoring the lower term. Defendant further states there is now a presumption "in favor of a low-term sentence and requires the court to state on the record reasons for a sentence in excess of the low term." Defendant notes the court provided no statement of reasons for choosing the middle term instead of the lower term. Following our review of the record, we cannot agree with this conclusion.

Again, section 1170, subdivision (b)(6), as amended by Assembly Bill No. 124 (2021–2022 Reg. Sess.), now requires the trial court to impose the lower term if a person's youth was a contributing factor in the commission of the offense, "unless the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice." (§ 1170, subd. (b)(6).) The question we must resolve is whether the trial court met the spirit of the changes to section 1170, subdivision (b)(6) when sentencing defendant, even if it did not specifically refer to the statutory language or the intended preferences for a lower term.

We are also mindful of the fact that we cannot view this matter so narrowly as our responsibility is to determine if the trial court's sentence was irrational or arbitrary given the full context of the rules governing sentencing and the underlying facts of the crimes

alleged, including the admissions made by defendant. (See *People v. Strother*, *supra*, 72 Cal.App.5th at p. 571.) We must also consider the full context of the court's reasoning as laid out in the sentencing hearing, and not simply focus on the end result. The court provided a thorough discussion of the various mitigating and aggravating circumstances when explaining why probation would not be chosen as an option. When turning to the choice of a sentence, we cannot conclude the court did not have those factors still in mind when imposing the sentence. Furthermore, the court actually referenced the fact defendant was under the age of 26 at the time of the crimes. The use of the age of 26 is a specific reference to section 1170, subdivision (b)(6)(B). Next ,when discussing whether defendant was coerced by another to engage in the acts, the court stated, "[w]hile that factor would not rise to the level of a defense in this case and is not persuasive to determining probation, it is one, however, that this Court will consider in favor of the defendant." Given this reference came after the court raised the issue of defendant's age, it would not be irrational to conclude this was a reference to section 1170, subdivision (b)(6)(A).

It was at this point the trial court then turned to the aggravating factors, focusing on those defendant stipulated to in her plea agreement. Eventually, the court stated:

> "Giving great consideration to the circumstances in mitigation, recognizing the stipulated circumstances in aggravation, the Court is going to sentence the defendant to the mid term of 12 years to Count 7 as the appropriate sentence in this case for objectives contained in … Rule 4.410."

We believe it is logical to conclude the court's reliance on the aggravating factors was its way of overcoming the preference for the lower term, and not automatically imposing the upper term by simply citing the stipulated aggravating factors. When the court then turned to the sentence for count 8, and chose the upper term, we also cannot say that choice was irrational or arbitrary given the existence of the stipulated aggravating factors and the reality the overall sentence would not be lengthened because it was imposed as a concurrent term.

Our role is not to second guess the sentence chosen by the trial court, but to evaluate if that sentence is supported by the record and the relevant legal principles. When we review the full context of how the sentence was imposed in this case, we cannot conclude the overall sentence with the specific terms imposed was either arbitrary or irrational.

## II.    Did the Trial Court Properly Exercise Discretion Under Section 654?

Defendant contends the trial court failed to exercise its discretion properly when it did not understand it had the option to choose the sentence for count 8 instead of the longer term imposed for count 7.  This is significant because before January 1, 2022, section 654, subdivision (a) required that when an act or omission was "punishable in different ways by different provisions of law," the trial court was required to choose the sentence that provided "the longest potential term of imprisonment."  (Senate Bill No. 914 (1997–1998 Reg. Sess.; Stats. 1997, ch. 410, § 1.)  However, in 2021, Assembly Bill No. 518 (2021–2022 Reg. Sess.) was passed, amending section 654, subdivision (a) to now provide that an "[a]ct or omission that is punishable in different ways by different provisions of law may be punished under either of such provisions."  (Stats. 2021, ch. 441, § 1, eff. Jan. 1, 2022.)

Again, the People argue defendant forfeited the right to raise this challenge by not objecting to this specific exercise of discretion when the sentence was imposed.  For the same reasons we cited above, we choose to address defendant's argument here.

When addressing the applicability of section 654, the trial court stated:

> "The Court in this case, guided by determinate sentencing schemes, recognizes that Count 7 does carry a maximum sentence of 16 years and Count 8 a maximum sentence of eight years.  The Court, by law, would be compelled to sentence the defendant to the crime committed in Count 7 as it carries the greater punishment.  If the Court were wrong in this requirement, then the Court, in its discretion, would choose that count nonetheless for reasons that will be stated in a moment."

The court then went on to choose the middle term of 12 years for count 7 for the reasons already discussed above. Even if the court did not fully understand the extent of its ability to exercise discretion at that particular moment, we find this error harmless.

In *People v. Gutierrez, supra*, 58 Cal.4th 1354, the Supreme Court considered whether a retroactive change in the trial court's sentencing discretion required remand for resentencing. (*Id*. at pp. 1360–1361.) The *Gutierrez* court concluded that "the appropriate remedy is to remand for resentencing unless the record 'clearly indicate[s]' that the trial court would have reached the same conclusion 'even if it had been aware that it had such discretion.' " (*Id*. at p. 1391.)

The court here stated that if it had discretion, it would have chosen count 7 for purposes of section 654. We cannot imagine a clearer application of the harmless error standard provided in *Gutierrez*.[3] Any error here was harmless.

## DISPOSITION

The judgment is affirmed.

---

[3] Because it is unnecessary to our determination here, we have chosen not to address the argument made by the People that section 1203.066 prohibited the suspension of the sentence for count 7.