Filed 7/24/24  P. v. Williams CA4/1
# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D083779 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. FVI20003436) |
| RODNEY WILLIAMS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Bernardino County, Kyle S. Brodie, Judge.  Affirmed.

Shay Dinata-Hanson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Arlene A. Sevidal, Andrew S. Mestman and Randall D. Einhorn, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted Rodney Williams of attempted grand theft and second-degree burglary.  The trial court found Williams had a prior strike and

denied his motion to strike it. It sentenced Williams to four years for second-degree burglary and stayed a two-year sentence for attempted grand theft.

Williams first argues the court erred in failing to correctly exercise its discretion under Penal Code section 1385(c) to dismiss the prior strike. We conclude section 1385(c), which gives a trial court direction in exercising its discretion to dismiss an "enhancement," does not apply to prior strikes. Second, Williams argues we must remand for the trial court to consider its discretion under section 654(a) to impose and execute sentencing on the count with the shorter term and stay the longer term. We conclude the silent record does not show the court misunderstood its discretion; thus, Williams forfeited this issue by not raising it below. He further fails to meet his heavy burden on direct appeal to establish ineffective assistance of counsel. We thus affirm.

## I.

A jury convicted Williams of attempted grand theft (§§ 487(a), 664; count 1) and second-degree burglary (§ 459; count 2). In a bifurcated trial, the court found true that Williams had a prior strike (§§ 211, 667(b)-(i), 1170.12(a)-(d)) and three aggravating factors (§ 1170(b)(2)).

The court subsequently denied Williams' motion to strike his prior strike and sentenced him to a four-year prison term—double the middle term—for the second-degree burglary count. Having neglected to address the attempted grand theft count, the court held another sentencing hearing and imposed a term of two years—double the middle term—stayed pursuant to section 654(a).

## II.

## A.

Williams argues the trial court erred in failing to correctly exercise its discretion under section 1385(c) to strike his prior strike. His argument fails because section 1385(c) does not apply to prior strikes.

Section 1385(c) gives the trial court discretion to dismiss "an enhancement" if doing so furthers justice. (§ 1385(c).) The well-established "technical meaning" of "enhancement" under California Law is "an additional term of imprisonment added to the base term." (*People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, 526-527 (*Romero*); Cal. Rules of Court, rule 4.405(5).) It is equally well-established that the Three Strikes law is an alternative sentencing scheme and not an enhancement. (*Romero*, at p. 527.) Because the plain language of section 1385(c) applies only to an "enhancement," which the Three Strikes law is not, section 1385(c) is inapplicable. (*People v. Burke* (2023) 89 Cal.App.5th 237, 243 (*Burke*).)

Williams challenges *Burke*'s interpretation of section 1385(c) on three main grounds, each of which we reject.

First, Williams argues it "appears" the Legislature has not adopted the meaning of "enhancement" *Burke* found controlling because "enhancement" as used in the Three Strikes law appears to encompass a Three Strikes sentence.[1] Specifically, the Three Strikes law states: (1) in the context of specifying its application to juvenile adjudications, "[a] prior juvenile adjudication constitutes a prior serious or violent felony conviction for purposes of sentence enhancement if it meets" certain listed criteria (§§ 667(d)(3), 1170.12(b)(3)); and (2) "[f]or purposes of subdivisions (b) to (i),

---

[1] Williams also argues "enhancement" in section 1170.1 seems to encompass a Three Strikes sentence; however, we find this argument unconvincing given that section was repealed prior to Williams' sentencing.

3

inclusive, and in addition to any other enhancement or punishment provisions that apply, [certain sentencing requirements] apply if a defendant has one or more prior serious or violent felony convictions" (§ 667(e)). We decline to conclude the use of the term "enhancement" in the context of the Three Strikes law converts a Three Strikes sentence into an "enhancement" as that term is used in section 1385(c). Doing so would create a conflict between section 1385(c) and the Three Strikes law itself. Requiring a court to treat the fact that a prior conviction is over five years old as a mitigating circumstance under section 1385(c)(2)(H) would conflict with section 667(c)(3) of the Three Strikes law, which provides: "The length of time between the prior serious or violent felony conviction and the current felony conviction *shall not* affect the imposition of sentence." (Italics added; see also § 1170.12(a)(3).) We do not presume the Legislature intended to repeal section 667(c)(3) when it enacted section 1385(c)(2)(H) and we decline to rely on the Legislature's use of "enhancement" in section 667 to presume an intent to depart from its well-established meaning when enacting section 1385(c).

Second, Williams contends *Burke*'s interpretation renders portions of section 1385(c) surplusage, so such construction should be avoided. (*Delaney v. Superior Court* (1990) 50 Cal.3d 785, 799.) Specifically, section 1385(c)(1) precludes a court from dismissing an enhancement where "prohibited by any initiative statute." Because the only statutes of which Williams is aware—Proposition 83, precluding striking One Strike allegations; and Proposition 115, precluding striking murder special circumstances—are alternative penalty provisions and "not enhancements in the sense of *Burke*," he contends *Burke*'s construction makes section 1385(c)(1) surplusage. However, the legislative history shows the Legislature included that language to ensure the law "would never run afoul of any initiative

4

measures," which could include future measures specific to enhancements. (*People v. Olay* (2023) 98 Cal.App.5th 60, 66, fn. 7 (*Olay*).)

Williams also contends *Burke*'s interpretation renders surplusage section 1385(c)(2)(G), which provides that one mitigating circumstance is when a defendant "was a juvenile when they committed the current offense or any prior offenses, including criminal convictions and *juvenile adjudications*, that trigger the enhancement" at issue. (§ 1385(c)(2)(G), italics added.) According to Williams, this provision must apply to prior strikes because a juvenile adjudication "does not trigger any 'enhancement' in the narrow sense." *Olay* rejected this argument and we join in its skepticism that "the Legislature would have expressed an intent to reject the well-established legal meaning of 'enhancement' in such a roundabout manner" through an oblique reference to juvenile adjudications as one of the relevant mitigating circumstances. (*Olay*, 98 Cal.App.5th at p. 67.) At best, the provision creates an ambiguity, which takes us to the legislative history and Williams' third and final argument.

Williams asserts *Burke*'s interpretation of "enhancement" is contrary to legislative intent. The comprehensive discussion of the legislative history in *Olay* convinces us otherwise. (*Olay*, 98 Cal.App.5th at pp. 67-69.) An analysis by the Assembly Committee on Public Safety "distinguished an 'enhancement' from 'an alternative penalty scheme' like the Three Strikes law," and stated, "in no uncertain terms, that '[t]he presumption created by this bill applies to enhancements [ ] *but does not encompass alternative penalty schemes*.'" (*Id.* at p. 67; Assem. Com. on Public Safety, Analysis of Sen. Bill No. 81 (2021-2022 Reg. Sess.), as amended Apr. 27, 2021, at pp. 5-6.) We agree with *Olay* that this history is an "unambiguous statement of the Legislature's intent to adopt the legal meaning of enhancement for

5

section 1385, subdivision (c)." (*Olay*, at p. 67.)  Williams contends otherwise, urging the statute was subsequently amended to add the oblique reference to juvenile adjudications as one of the relevant mitigating circumstances.  As discussed above, we reject the contention that the Legislature intended to extend section 1385(c) to prior strikes in such a roundabout manner.

We thus decline to depart from *Burke*'s and *Olay*'s well-reasoned conclusions that section 1385(c) does not apply to prior strikes.

B.

Williams argues remand is necessary for the trial court to consider its discretion under section 654(a) to impose and execute the shorter sentence for attempted grand theft and stay the longer sentence for second-degree burglary.  We conclude Williams (1) forfeited this challenge because the silent record does not show the court misunderstood its sentencing authority, and (2) fails to meet his heavy burden on direct appeal to establish ineffective assistance of counsel.

Section 654(a) previously required the court to impose and execute sentence on the count with the longest term and stay the shorter term. (Stats. 1997, ch. 410, § 1.)  Assembly Bill 518 amended the statute to provide the trial court with "discretion to impose and execute the sentence of either term, which could result in the trial court imposing and executing the shorter sentence rather than the longer sentence." (*People v. Mani* (2022) 74 Cal.App.5th 343, 379; see Stats. 2021, ch. 441, § 1.)  The court here sentenced Williams after Assembly Bill 518's effective date.

1.

Williams argues "the court did not appear to consider its new discretion" to impose and execute the shorter sentence for attempted grand theft and stay execution of the longer sentence for second-degree burglary.

6

Acknowledging defense counsel did not raise this issue below, Williams urges "this is not the type of 'silent record' from which this court must presume the trial court understood the scope of its discretion." We disagree.

"[T]he forfeiture rule for alleged sentencing errors" is that "unless a party makes a contemporaneous objection," that party "generally cannot challenge a court's ruling for the first time on appeal." (*People v. McCullough* (2013) 56 Cal.4th 589, 594.) There is, however, "a narrow class of sentencing issues that are reviewable in the absence of a timely objection." (*People v. Leon* (2016) 243 Cal.App.4th 1003, 1023.)

"Defendants are entitled to sentencing decisions made in the exercise of the 'informed discretion' of the sentencing court." (*People v. Belmontes* (1983) 34 Cal.3d 335, 348, fn. 8.) A court "unaware of the scope of its discretionary powers" cannot exercise informed discretion. (*Ibid.*) "Failure to exercise a discretion conferred and compelled by law constitutes a denial of a fair hearing and a deprivation of fundamental procedural rights, and thus requires reversal." (*People v. Penoli* (1996) 46 Cal.App.4th 298, 306.) However, "in light of the presumption on a silent record that the trial court is aware of the applicable law, including statutory discretion at sentencing, we cannot presume error where the record does not establish on its face that the trial court misunderstood the scope of that discretion." (*People v. Gutierrez* (2009) 174 Cal.App.4th 515, 527.) The defendant must "'affirmatively demonstrate that the trial court misunderstood its sentencing discretion.'" (*People v. Lee* (2017) 16 Cal.App.5th 861, 866 (*Lee*).)

Here, neither party mentioned Assembly Bill 518 in its sentencing brief or at the sentencing hearings. Probation recommended executing sentence on the second-degree burglary count and staying the sentence on the attempted grand theft count, without discussing the court's discretion under Assembly

7

Bill 518. At the second sentencing hearing to address the attempted grand theft count, the court explained its inclination to sentence Williams to the middle term, doubled for the prior strike, and to stay that sentence under section 654(a). The court asked whether either party would like to be heard and both parties declined.

Williams urges this record is ambiguous because "'the trial court's comments during sentencing raise serious doubts' as to knowledge of its discretion." (Quoting *People v. Ochoa* (2020) 53 Cal.App.5th 841, 853-854.) However, he only points to the court's discussion of aggravating and mitigating factors in declining to impose the upper term over the middle term for the second-degree burglary conviction. Based on this, Williams argues "the record does not conclusively show that the court would not have chosen to" execute sentence for attempted grand theft and stay the sentence for second-degree burglary. Williams' argument is misplaced because, while this may address whether remand would be futile, it does not indicate ambiguousness as to whether the court misunderstood its sentencing discretion under section 654(a). We thus conclude the record is silent, rather than ambiguous, on the court's awareness and exercise of that discretion. Williams does not contend the trial court was required to affirmatively explain its exercise of discretion under section 654(a) on the record. (Cf. § 1385(a) [requiring "a statement of a reason" when "[g]ranting relief under section 1385," but not when denying relief; Cal. Rules of Court, rule 4.406(b) [listing sentencing choices that generally require statement of reason].) As such, Williams has failed to "'affirmatively demonstrate that the trial court misunderstood its sentencing discretion.'" (*Lee,* 16 Cal.App.5th at p. 866.)

In sum, on this silent record, we cannot conclude the court misapprehended, and thus failed to exercise, its sentencing discretion under

section 654(a). Accordingly, Williams forfeited his claim that the court failed to properly exercise its discretion to impose and execute the shorter sentence.

2.

Anticipating forfeiture, Williams claims his trial counsel's failure to argue that the court should exercise its discretion under Assembly Bill 518 to stay the longer sentence deprived him of his constitutional right to effective assistance of counsel. We disagree.

To establish ineffective assistance of counsel, the defendant must show both that: (1) "counsel's representation fell below an objective standard of reasonableness . . . under prevailing professional norms," and (2) "there is a reasonable probability"—one that "undermine[s] confidence in the outcome"—"that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (*Strickland v. Washington* (1984) 466 U.S. 668, 688, 694.) There is a strong presumption counsel acted reasonably, so, "[o]n direct appeal, a conviction will be reversed for ineffective assistance only if (1) the record affirmatively discloses counsel had no rational tactical purpose for the challenged act or omission, (2) counsel was asked for a reason and failed to provide one, or (3) there simply could be no satisfactory explanation." (*People v. Mai* (2013) 57 Cal.4th 986, 1009.)

Williams claims there could be no tactical reason to not request a stay of the longer sentence. We, however, conclude Williams fails to establish his counsel's performance was constitutionally deficient. The record is silent as to defense counsel's reasons for not seeking a stay of the longer sentence, and thus it does not affirmatively disclose an absence of tactical purpose. (*People v. Ledesma* (1987) 43 Cal.3d 171, 218.) Williams therefore has not carried his burden of establishing that his counsel's representation was objectively unreasonable, at least for purposes of direct appeal.

9

Even if we assume the court was unaware of its sentencing discretion, Williams has not met his burden of showing it is reasonably probable the court would have stayed the longer sentence had his counsel so requested. Williams urges the court's lenience in choosing the middle term over the prosecution's request for the upper term shows the court would have further tailored his sentence by staying the longer term. Although the court showed leniency by imposing middle terms for both counts, it declined defense counsel's request to impose the low term, finding the aggravating factors outweighed the mitigating factors, and further declined to strike the prior strike. On this record, Williams fails to establish any ineffective assistance of counsel prejudiced him.

III.

We affirm the judgment.


CASTILLO, J.

WE CONCUR:


BUCHANAN, Acting P. J.


KELETY, J.

10