Filed 8/23/24  P. v. Galvan-Martinez CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>PEDRO GALVAN-MARTINEZ,<br><br>        Defendant and Appellant. | A169851<br><br>(San Mateo County Super. Ct. No. 19NF009837A) |

Pedro Galvan-Martinez[1] was convicted of rape, forcible oral copulation, false imprisonment and making criminal threats.  On appeal, his convictions were affirmed, but the sentence was vacated because upper terms imposed by the trial court could not be sustained under post-sentencing statutory amendments.  This appeal is from the orders on resentencing.  Galvan's appointed appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), in which he raises no issue and asks this court for an independent review of the record.  Counsel attests that he advised Galvan of his right to file a supplemental brief, but Galvan has not filed one.

---

[1]  Pursuant to his expressed preference, appellant was referred to at trial as "Galvan."  We will do the same in this opinion.

1

Having examined the entire record in accordance with *Wende*, we agree with counsel that there are no arguable issues requiring further briefing and affirm.

## BACKGROUND

The facts underlying Galvan's convictions were related in our unpublished opinion on the appeal. (*People v. Galvan-Martinez* (Apr. 26, 2023, A161995).) His convictions arise from an incident that Galvan claimed was a consensual sexual encounter.

After a jury trial, Galvan was convicted of forcible rape (Pen. Code, § 261, subd. (a)(2))[2] (count 1); forcible oral copulation (§ 287, subd. (c)(2)(A)) (count 2); false imprisonment by violence (§ 236) (count 3) and making criminal threats (§ 422, subd. (a)) (count 4). The jury found true allegations that Galvan used a deadly weapon in the commission of the offenses charged in counts 1 and 4. (§ 12022.3, subd. (a).)

At sentencing, the trial court struck the deadly weapon enhancement for count 4 and imposed an aggregate sentence of 18 years, consisting of the upper term of eight years on count 1, the upper term of ten years on the enhancement for that count, and concurrent middle terms of six years on count 2 and two years on count 4. The court stayed sentence on count 3 pursuant to section 654.

Galvan appealed and we affirmed the convictions but concluded resentencing was required due to the post-sentencing enactment of Senate Bill No. 567 (2021-2022 Reg. Sess.), which amended section 1170, subdivision (b), so as to preclude imposition of an upper term sentence unless facts underlying the aggravating circumstances were stipulated to by the defendant or found true beyond a reasonable doubt. We remanded with

---

[2] All further statutory references will be to the Penal Code.

directions for the People to elect whether to proceed under the amended statute by proving the existence of aggravating factors beyond a reasonable doubt or accept sentencing on the record as it stood. The People elected to proceed on the existing record.

The trial court, pursuant to section 1170.1, subdivision (a), designated count 4 as the principal term and imposed the middle term of two years, consecutive to any other sentence, and stayed a two-year middle term sentence on count 3 pursuant to section 654. The court exercised its discretion to sentence counts 1 and 2 under section 667.6, subdivision (c), imposing fully consecutive middle terms of six years on count 1, four years on the section 12022.3 enhancement to count 1 and six years on count 2. The aggregate term under section 667.6 was 16 years and the aggregate term on all counts 18 years.

Galvan filed a timely notice of appeal.

## DISCUSSION

Pursuant to *Wende*, we are required "to conduct a review of the entire record whenever appointed counsel submits a brief which raises no specific issues or describes the appeal as frivolous." (*Wende, supra,* 25 Cal.3d at p. 441; *Anders v. California* (1967) 386 U.S. 738.)

The full resentencing rule applicable here allowed the trial court to exercise its sentencing discretion on all counts, including "revisiting such decisions as the selection of a principal term, whether to stay a sentence, whether to impose an upper, middle, or lower term, and whether to impose concurrent or consecutive sentences." (*People v. Jones* (2022) 79 Cal.App.5th 37, 45-46; *People v. Buycks* (2018) 5 Cal.5th 857, 893.) When sentencing on both sex offenses and non-sex offenses, "a trial court may properly designate the longest non[-]sex offense as the principal term and may treat all of the

sex offenses under section 667.6, subdivision (c)." (*People v. Belmontes* (1983) 34 Cal.3d 335, 346.) The trial court imposed sentence in accordance with sections 1170, subdivision (b), 1170.1, subdivision (d), and 667.6, subdivision (c), and the California Rules of Court, and explained the reasons for each of its discretionary choices.

Our review of the record reveals no arguable issues requiring further briefing.

## DISPOSITION

The judgment is affirmed.

_____

STEWART, P.J.

We concur.

_____

RICHMAN, J.

_____

DESAUTELS, J.

_People v. Galvan-Martinez_ (A169851)