Filed 10/1/24  P. v. Scott CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>RODNEY DENNIS SCOTT, JR.,<br><br>      Defendant and Appellant. | A169462<br><br>(Napa County<br>Super. Ct. No. 23CR001263) |

Defendant Rodney Dennis Scott, Jr. entered a plea agreement under which he admitted a prior strike but retained the right to ask that it be stricken under *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*).  The court ultimately declined to strike the strike and sentenced Scott to the maximum sentence allowed under the plea agreement.  Scott argues that the court did not properly weigh its discretion to grant or deny his *Romero* motion.  We disagree and affirm.

I.
F<small>ACTUAL AND</small> P<small>ROCEDURAL</small>
B<small>ACKGROUND</small>

According to evidence presented at the preliminary hearing, Napa County sheriff's deputies arrested Scott in June 2023 in American Canyon after he was seen in the driver's seat of a car reported stolen earlier that day.  The probation report described a "high-risk stop" leading up to the arrest, as

1

Scott reportedly reversed the stolen vehicle into a patrol vehicle, and Scott remained in the vehicle for around 16 minutes instead of following directions to exit. Deputies found stolen items and two used methamphetamine pipes in the car, and a search of Scott also revealed a meth pipe.

Scott was charged with felony unlawful driving or taking of a vehicle (Veh. Code, § 10851, subd. (a)), receiving stolen property (a motor vehicle, Pen. Code, § 496d, subd. (a)),[1] and other counts. The information also alleged that Scott had suffered a strike prior, a 2016 mayhem conviction (§ 203), under the three strikes law (§§ 667, subd. (b)–(i), 1170.12). He later pleaded no contest to one felony count of receiving a stolen vehicle (§ 496d, subd. (a)) and one misdemeanor count of resisting or delaying a peace officer (§ 148, subd. (a)(1)), and he admitted the prior strike.

Prior to sentencing, Scott filed a motion to strike his prior strike under section 1385 and *Romero, supra*, 13 Cal.4th 497. As discussed in more detail below, the trial court denied the motion.

The trial court sentenced Scott under the plea agreement to the lower term of 16 months on the receipt of a stolen vehicle count, doubled because of the strike, for a total of 32 months.

---

[1] All statutory references are to the Penal Code unless otherwise specified.

II.

DISCUSSION

*A. Rulings on* Romero *Motions and the Standard of Review.*

Section 1385, subdivision (a), permits a judge to strike or vacate a finding under the three strikes law "in furtherance of justice."[2] (See *Romero, supra*, 13 Cal.4th 497 at pp. 530–531.) We review a trial court's denial of a *Romero* motion for an abuse of discretion. (*People v. Carmony* (2004) 33 Cal.4th 367, 375.) In general, "a trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*Id.* at p. 377.) "It is not enough to show that reasonable people might disagree about whether to strike one or more of [a defendant's] prior convictions. Where the record demonstrates that the trial court balanced the relevant facts and reached an impartial decision in conformity with the spirit of the law, we shall affirm the trial court's ruling, even if we might have ruled differently in the first instance." (*People v. Myers* (1999) 69 Cal.App.4th 305, 310.) In ruling on a *Romero* motion, or in reviewing such a ruling, "the court in question must consider whether, in light of the nature and circumstances of [a defendant's] present felonies and prior serious and/or violent felony convictions, and the particulars of [the defendant's] background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though [the defendant] had not previously been convicted of one or more serious and/or violent felonies. If it is striking or vacating an allegation or

---

[2] Under recent amendments to the statute, the court shall dismiss an *enhancement* (but not a strike) "if it is in the furtherance of justice to do so" (§ 1385, subd. (c)(1)), giving great weight to several enumerated mitigating circumstances (*id.*, subd. (c)(2)(A)–(I)). (See *People v. Burke* (2023) 89 Cal.App.5th 237, 244.)

finding, it must set forth its reasons in an order entered on the minutes, and if it is reviewing the striking or vacating of such allegation or finding, it must pass on the reasons so set forth." (*People v. Williams* (1998) 17 Cal.4th 148, 161.)

### B. The Trial Court Was Aware of Its Discretion and Did Not Abuse It.

#### 1. Additional Background.

The probation department reported that Scott had a criminal record dating back to 1981 and that he had been discharged from parole 11 months before the current offense. The department's presentencing report listed the following aggravating circumstances (Cal. Rules of Court, rule 4.421): the crime involved the actual taking or damage of great monetary value (rule 4.421(a)(9)), Scott's prior convictions as an adult were numerous and of increasing seriousness (rule 4.421(b)(2)), Scott had served a prior prison term (rule 4.421(b)(3)), and his prior performance on probation and parole was unsatisfactory (rule 4.421(b)(5)). The department recommended a prison commitment since an evaluation indicated Scott posed a high risk of reoffending.

In his *Romero* motion, Scott reported that he struggled with alcohol and drug abuse. He relied on the amended version of section 1385 and argued the court should consider that the current offense was not a violent felony (§ 667.5, subd. (c)) and the strike was based on a conviction over five years old. (§ 1385, subd. (c)(2)(F) & (H); cf. *People v. Burke, supra,* 89 Cal.App.5th at pp. 242–244 [recent amendments apply only to enhancements, and three strikes law is not an enhancement].)

At the start of the sentencing hearing, the trial court said it had reviewed the presentence report, Scott's sentencing brief, and the prosecution's sentencing brief (which opposed striking the strike). Scott first

apologized for his actions and said he recognized that he "caused a huge problem." Scott's attorney then argued that Scott should receive probation, and the prosecutor argued that the trial court should not grant the *Romero* motion and should instead sentence Scott to prison.

The trial court first observed that it appeared that Scott "ha[d] done some good in his life," and the court was "happy to see that he [Scott] has a relationship with his daughter." The court then made the following remarks:

"This is just not a case that calls out for the Court to strike the strike in the interest of justice. It just doesn't. Given the prior convictions, and regardless of whether the out-of-state convictions are, at the end of the day felony convictions or not, I do have convictions out [of] Solano County from 2012 for a [violation of section] 245(a)(4) [assault by means likely to cause great bodily injury]. Granted it's a nonstrike. And a mayhem strike conviction from 2016 when he was on parole up until 2019.

"And it sounds like he did well on parole, but then picked up this newest offense where he was basically on a crime spree. Looks like you victimized three different individuals on the same night. Occurring June 13, of 2023. *And I'm pretty certain the appellate court would find that I have abused my discretion if I were to strike the strike with someone with this type of record and conduct.*

"So I'm not going to strike the strike at this point." (Italics added.)

2. Analysis.

Scott points to the italicized portion of the trial court's statements above and argues that it amounted to a failure to exercise its discretion. We are not persuaded.

It is true that "[a] failure to exercise discretion may . . . constitute an abuse of discretion." (*People v. Sandoval* (2007) 41 Cal.4th 825, 847–848.)

5

And "[a] court which is unaware of the scope of its discretionary powers can no more exercise . . . 'informed discretion' than one whose sentence is or may have been based on misinformation regarding a material aspect of a defendant's record." (*People v. Belmontes* (1983) 34 Cal.3d 335, 348, fn. 8.) The court stated at the sentencing hearing that it had read and considered the probation department's presentence report and both parties' sentencing briefs. And before denying the *Romero* motion, the court laid out the reasons that granting it would be inappropriate—Scott's lengthy criminal history, the fact he offended relatively soon after completing parole, and the fact he stole from multiple people. It is thus not true, as Scott contends on appeal, that "[t]he trial court did not balance the relevant facts and history."

The court's remarks that an appellate court would consider the granting of a *Romero* motion to be an abuse of discretion may reasonably be interpreted to mean that the court believed Scott's case clearly did not call for the striking of a strike, not that the court believed its "hands [were] tied," as Scott claims on appeal. We agree with Scott insofar as he argues that, had the court granted the *Romero* motion, it would not necessarily have in fact been an abuse of the court's wide discretion. In other words, as he puts it, "This is the type of case where reasonable jurists could differ, with some granting *Romero* [relief] and others allowing the strike to stand." There were certainly factors, highlighted by Scott on appeal, that weighed in favor of possibly granting relief. But there is no indication the trial court believed those factors weighed in favor of striking the strike, as demonstrated by the very line Scott relies on. While it is possible that the trial court could have articulated this sentiment more clearly, we conclude there was no doubt that the trial court properly exercised its discretion and did not abuse it.

## III.
### DISPOSITION

The judgment is affirmed.

_____

Humes, P.J.


WE CONCUR:



_____

Banke, J.



_____

Langhorne Wilson, J.




*People v. Scott*  A169462


8